**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| OLYMPUS AMERICA INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ ) |
| POWER PHOTO CORP. d/b/a SUNSET ELECTRONICS, PIXEL HUB, PIXELHUB.COM, FUMFIE.COM, POWERPHOTOCORP.COM, JERSEYPHOTOSTORE.COM, THEFOTOSOURCE, LOUSCAMERAS, | ) ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Olympus America Inc. ("Olympus"), as and for its Complaint against defendant Power Photo Corp. ("Defendant" or "Power Photo"), upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, alleges as follows:

### NATURE OF THIS ACTION

1.      This is an action for trademark infringement, improper importation, and unfair and deceptive business practices pursuant to G.L. c. 93A. Defendant knowingly advertises, sells, offers to sell, distributes, and imports into the United States, cameras intended for use and resale in Asia. Additionally, Defendant removes authentic Olympus components/accessories and replaces them with non-authentic versions. Further, Defendant is improperly using Olympus' copyrights without authorization to create the impression they are an authorized Olympus dealer. Given the differences between cameras intended for use and resale in the United States versus those for use and resale in Asia and the replacement/alteration of camera

components/accessories, Defendant's sale and advertisement of imported cameras intended for the Asian market within the United States irreparably harms Olympus and will continue to irreparably harm Olympus, unless such conduct is enjoined. For these reasons, Olympus seeks injunctive relief, treble damages or statutory damages, and its attorneys' fees and costs.

2. As a result of Defendant's actions, Olympus is suffering a loss of the vast goodwill it has created in its trademarks and losing profits from lost sales of authentic and properly distributed products.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for all civil actions arising under the laws of the United States and any act of Congress relating to trademarks. In addition, supplemental jurisdiction over related State law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

4. Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts, pursuant to the G.L. c. 223A, § 3, because (a) Defendant has sold numerous products into the Commonwealth, including the products at issue in this case; (b) Defendant has caused tortious injury to Olympus' trademarks within the Commonwealth; (c) Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth; (d) the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth; (e) the Defendant regularly does or solicits business within the Commonwealth; and (f) Defendant regularly and systematically directs electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, by, among other things, selling and/or offering for sale cameras to internet users within the Commonwealth.

5. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

6. Plaintiff Olympus America Inc. is a corporation with a principle address of 3500 Corporate Parkway, Center Valley, Pennsylvania.  Olympus markets, sells and distributes a variety of high-quality products designed and manufactured by its Japanese parent company, Olympus Corporation, including cameras that are the subject of this Complaint.

7. Defendant Power Photo Corp. is a New York business with a principal location of 226 Beach 101st Street, Suite 2, Rockaway Park, New York 11694.  Power Photo is a wholesaler and retailer of consumer electronics, including cameras, doing business primarily through a host online retails spaces and domain names including, but not limited to, Amazon.com, eBay.com and independently run websites, using seller name Sunset Electronics, Pixel Hub, pixelhub.com, Fumfie.com, PowerPhotoCorp.com, JerseyPhotoStore.com, TheFotoSource, and LousCameras (the "Retail Spaces").

## BACKGROUND

8. Olympus brands its cameras through a variety of trademarks registered at the United States Patent and Trademark Office ("USPTO").  Olympus is a licensee and oversees and manages the numerous registered trademarks and servicemarks of Olympus Corporation, including, but not limited to, the following (the "Olympus Marks"):

| Reg. Number | Reg. Date | Mark | Description |
|---|---|---|---|
| 3225365 | April 3, 2007 | OLYMPUS | Photographic cameras, digital cameras, etc. |

| | | | |
|---|---|---|---|
| 3726228 | December 15, 2009 | OLYMPUS | Cameras, digital cameras, memory cards, batteries and electrical cells, etc. |
| 3641061 | June 16, 2009 | OLYMPUS *fe* | Cameras, digital cameras, batteries and electrical cells, etc. |
| 3901330 | January 4, 2011 | OLYMPUS PEN | Cameras, digital cameras, and parts and accessories therefor, etc. |
| 4239216 | November 6, 2012 | OLYMPUS OM-D | Digital cameras, water proof protectors for cameras being cases and covers, etc. |
| 4239217 | November 6, 2012 | OM-D | Digital cameras, water proof protectors for cameras being cases and covers, etc. |

9. Said registrations identified above are in full force and effect.

10. Olympus advertises, distributes and sells cameras to consumers under the Olympus Marks.

11. Olympus engages in extensive advertising of its cameras as a means of promoting its products and establishing goodwill in its brand names. Through advertising and other promotional efforts, Olympus has ensured that the Olympus Marks have become famous marks in the camera marketplace.

12. Defendant is not, and never has been, authorized to use the Olympus Marks.

4

13. Olympus has created certain original copyrighted works used to advertise and promote its products and brand.

14. Defendant is not, and never has been, authorized to use copyrighted works of Olympus.

## DEFENDANT'S MISCONDUCT

15. Despite being warned via letters and email communications, Defendant has imported and continues to import from Asia into the United States cameras bearing the Olympus Marks intended for the Asian market ("Asian Market Products").

16. After importing the Asian Market Products, Defendant distributes and sells the Asian Market Products to United States consumers as genuine Olympus products through the Retail Spaces.

17. At some point prior to sale, Defendant opens the packaging of the Asian Market Products, removes the authentic Olympus power cord, and replaces it with a non-authentic power cord ("Non-Authentic Power Cord"). The Non-Authentic Power Cord does not contain the UL® certification mark reflecting compliance with U.S. safety standards.

18. The Asian Market Products with their Non-Authentic Power Cords are not intended for distribution and resale in the United States. Further, Olympus does not make a camera with a Non-Authentic Power Cord. Therefore, the Asian Market Products are not genuine Olympus products.

19. Language differences in the user interface and on the product, as well as on the packaging and warranty information cards, create material differences between the Asian Market Products and genuine Olympus products properly distributed and sold in the United States.

20. UPC Coding differences create material differences between the Asian Market Products and genuine Olympus products properly distributed and sold in the United States as

5

consumers will not be able to register their products or obtain warranty service for products containing UPC codes intended for another geographical market.

21. Olympus products designed and manufactured for the Asian market have different warranties than products designed and manufactured for the United States.

22. Battery certification differences create material differences between the Asian Market Products and genuine Olympus products properly distributed and sold in the United States. Battery certification in the United States requires a higher standard of certification and, therefore, higher quality batteries are used for Olympus products designed for the United States as opposed to Asia.

23. Product packaging differences create material differences between the Asian Market Products and genuine Olympus products properly distributed and sold in the United States.

24. CONSUMER[1] has purchased numerous cameras from Defendant ("Purchased Products") into the Commonwealth of Massachusetts.

25. Upon inspection of the Purchased Products, it was determined that (1) the Purchased Products bore the Olympus Marks, (2) the Purchased Products were Asian Market Products (*i.e.*, intended for distribution and resale in Asia, not in the United States), and (3) the Purchased products contained Non-Authentic Power Cords.

26. The Purchased Products had been illegally imported from Asia into the United States by Defendant and then distributed and sold consumers in the United States, including, but not limited to, CONSUMER and, upon information and belief, other consumers in the Commonwealth of Massachusetts.

---

[1] CONSUMER is a fictitious name. The actual name of the individual and company has been withheld until a proper protective order has been entered in this case to ensure that no negative impact on CONSUMER or its businesses resulting from this lawsuit.

27. The Purchased Products did not contain all of the authentic Olympus components/accessories. Notably, the Olympus power cord was not present. Instead, Defendant included a shorter power cord of unknown origin that did not contain a UL® safety certification.

28. In removing the authentic Olympus power cord, Defendant fundamentally altered the Purchased Products.

29. Upon information and belief, all products bearing the Olympus Marks distributed and sold by Defendant are Asian Market Products illegally imported cameras from Asia.

30. Asian Market Products are materially different from genuine Olympus products properly distributed and sold in the United States for each of the reasons stated above.

31. The sale of illegally imported, non-genuine Asian Products results in actual and irreparable harm to Olympus and to the consuming public.

32. Further, despite having no authority to do so and being warned via letter and email communications, Defendant has used and continues to use copyrighted Olympus materials in the Retail Spaces.

33. Upon information and belief, Defendant is simply copying copyrighted images from the Olympus website, getolympus.com, and pasting them onto their Retail Spaces without permission to create the appearance that they are an authorized Olympus dealer. See an example below related to the Olympus OM-D E-M5 Mark II camera[2]:

---

[2] Screen shots were captured on October 6, 2015.

| From the Olympus website: | From Defendant's website: |
|---|---|
| http://www.getolympus.com/us/en/e-m5-mark-ii.html | http://fumfie.com/product/ID1765C5/view/ |
| | |

## SUBSTANTIAL HARM CAUSED BY DEFENDANT'S MISCONDUCT

34.     Defendant's actions substantially harm Olympus by placing illegally imported, materially different Asian Products into the stream of commerce in the United States.

35.     Defendant's actions substantially harm Olympus and its consumers who ultimately purchase the Defendant's illegally imported, non-genuine Asian Products believing them to be genuine products intended for the United States market.

36.     Defendant's actions substantially harm Olympus and its consumers by providing consumers with products that were designed and manufactured to be used in a different region of the world and have not been certified under applicable safety standards.

37.     Defendant's actions substantially harm Olympus and its consumers by providing consumers with non-authentic parts and accessories.

38. Defendant's conduct results in customer confusion as well as the dilution of Olympus' goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

39. Defendant's unauthorized use of the Olympus copyrights in the Retail Spaces creates an appearance to consumers that Defendant is an authorized reseller.

40. Defendant's actions deprive Olympus of the opportunity to earn profits from the sale of legitimate Olympus products to consumers.

### COUNT I
### (**Violation of Olympus' Common Law and Federal Trademark Rights**)

41. Olympus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Through use of the Olympus Marks within the Commonwealth and throughout the United States, the Olympus Marks have developed a tremendous amount of goodwill in the minds of the consuming public. As a result of this widespread and continuous use, the Olympus Marks have become widely associated with Olympus, identify Olympus as the source of its goods and services sold, and represent the valuable goodwill of Olympus among members of the consuming marketplace. The goodwill associated with the Olympus Marks is a valuable asset that provides Olympus the long term ability to compete in the camera marketplace.

43. Olympus engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with its Olympus Marks, throughout the United States.

44. By illegally importing non-genuine Asian Market Products bearing the Olympus Marks or a confusingly similar designation and replacing Olympus parts and accessories with

non-authentic parts and accessories, consumers are not receiving products they believe they are purchasing.

45. By illegally importing non-genuine Asian Market Products bearing the Olympus Marks or a confusingly similar designation and replacing Olympus parts and accessories with non-authentic parts and accessories, Defendant is engaging in unfair competition, falsely designating the origin and authenticity of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, Olympus and its goods and services in violation of 15 U.S.C. § 1125(a) and Massachusetts common law.

46. By illegally importing non-genuine Asian Market Products bearing the Olympus Marks or a confusingly similar designation and replacing Olympus parts and accessories with non-authentic parts and accessories and offering its goods and services for sale, distribution, and/or advertising its goods and services to the public, without Olympus' consent, Defendant has knowingly and intentionally infringed upon the Olympus Marks.  Accordingly, Olympus is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

47. Olympus has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and, unless its conduct is enjoined, Olympus' reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, Olympus is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
### (Violation of G.L. c. 93A)

48. Olympus hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. Olympus and Defendant are in the conduct of trade or commerce within the meaning of G.L. c. 93A.

50. Upon information and belief, Defendant's unfair and deceptive practices in the conduct of trade have been committed in substantial part in the Commonwealth of Massachusetts and have been performed willfully by Defendant with the intent to cause injury to Olympus.

51. Defendant's continued use of Olympus Marks in the Retail Spaces in connection with their advertising and sale of products constitutes an unfair and deceptive business practice.

52. Defendant's continued importation and sale of the Asian Market Products into Massachusetts where such products are not intended for resale constitutes an unfair and deceptive business practice.

53. Defendant's use of copyrighted Olympus materials in Retail spaces to create an appearance to consumers that Defendant is an authorized re-seller constitutes an unfair and deceptive business practice.

54. By reason of the foregoing, Olympus has been, and will continue to be irreparably harmed and damaged by Defendant's conduct unless such conduct is enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Olympus prays for judgment in its favor and against Defendant providing the following relief:

A. Enter judgment in favor of Olympus on the counts asserted herein and award damages on each of the counts;

B. Award Olympus treble, multiple, and/or statutory damages under G.L. c. 93A, and the Lanham Act;

C. Award Olympus its attorneys' fees and costs in connection with bringing

  this action under G.L. c. 93A, and the Lanham Act;

D. Award Olympus prejudgment and post-judgment interest in the maximum amount allowed under the law;

E. Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant (or its agents) from infringing on the Olympus Marks and copyrights and enjoin Defendant from advertising, marketing and/or selling any products bearing the Olympus Marks.

F. Any other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Olympus hereby requests trial by jury on all claims so triable.

        Respectfully submitted,

        OLYMPUS AMERICA INC.,

        By its counsel,

        */s/ Michael R. Murphy*
        Michael R. Murphy (BBO # 671816)
         michael.r.murphy@klgates.com
        Morgan T. Nickerson (BBO# 667290)
         Morgan.nickerson@klgates.com
        Michael R. Stanley (BBO# 680957)
         michael.stanley@klgates.com
        K&L GATES LLP
        State Street Financial Center
        One Lincoln Street
        Boston, MA  02111
        Tel.: (617) 261-3100
        Fax: (617) 261-3175

Dated: October 7, 2015